UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
FLOREN BASCO FLORES, on behalf of
herself and all others similarly situated,    :

                Plaintiff,    :    **REPORT AND RECOMMENDATION**

        -against-    :    05 Civ. 962 (VM)(KNF)

OSAKA HEALTH SPA, INC., ET AL.,    :

               Defendants.    :
--------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE VICTOR MARRERO, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff Floren Basco Flores ("Flores") brought this action against, inter alia, defendant Nam-Hi Lee ("Lee") for violating the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219, and related provisions of New York labor law. Proceeding pro se, Lee filed an answer and asserted a counterclaim for fraud and for conspiring to engage in racketeering activity, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968. Before the court, is the plaintiff's motion to dismiss Lee's counterclaim. Flores contends Lee has failed to: (1) plead fraud with particularity, as required by Fed. R. Civ. P. 9(b); and (2) state a claim upon which relief can be granted. In addition, Flores alleges Lee lacks standing to bring a RICO claim. Lee opposes the motion, and has asked the Court to grant her

1

leave to amend her counterclaim.[1]  Flores' motion is addressed below.

## II. BACKGROUND

Flores was employed by the defendants in their health and spa facilities, as a masseuse, from May through November 2004.  Flores maintains she worked six to seven days each week, from 3:00 p.m. to 3.00 a.m., and often worked later than 3:00 a.m.  The defendants operated two facilities at separate locations and Flores traveled between the two facilities throughout her work shift.  Flores alleges she worked more than 40 hours per week, but was not paid for work she performed in excess of her 40-hour work week.  Flores also alleges the defendants confiscated all gratuities she received from the defendants' customers, for the services she performed, irrespective of whether the gratuities were paid directly to her or indirectly to her through the defendants.  Flores commenced this action to recover unpaid wages and the gratuities she contends were misappropriated from her by the defendants.  In her complaint, Flores alleges Lee is liable to her, for the damages she seeks, because, at all relevant times, Lee shared operational control over Osaka Health Spa Center, Inc. ("Osaka"), the corporate entity that, according to Flores, employed her.

In her answer, Lee denied all of Flores' allegations except that: (a) Flores is a former employee of Osaka; (b) Lee is related to the individual defendants; and (c) Lee lived in a building where one of the Osaka facilities is located.  When Lee answered the complaint, she also made a counterclaim against Flores, through which she alleged that Flores: (i) engaged in fraudulent activities; (ii) conspired to violate RICO; and (iii) committed substantive RICO violations.

---

[1]Lee's request to amend her counterclaim has been addressed in an order issued simultaneously with this report.

Specifically, Lee alleged that Flores and her attorney conspired with each other to violate RICO by engaging in fraudulent and extortionist activities. Their objective, according to Lee, was to "inflict economic hardship upon [the] defendants with the intent to seize funds though means of deceptive and fraudulent claims." Lee asserted that, starting in November 2004, Flores and her attorney engaged in a "pattern of racketeering activities," which included: (1) telephone calls Flores made to the defendants' employees to solicit their participation in her lawsuit; (2) a letter sent by the plaintiff's attorney demanding that the defendants negotiate a settlement of the instant action; and (3) the plaintiff's demand, during the pretrial discovery phase of the litigation, that the defendants disclose documents to her.

Flores contends Lee failed, in her counterclaim, to plead acts of fraud, as predicate acts to a civil RICO claim, with sufficient particularity. Moreover, she argues, Lee failed to plead the essential elements of fraud, to wit, facts that show a detrimental reliance on a false statement made by Flores or damages incurred as a result of the telephone calls attributed to Flores or the settlement demand made by Flores' attorney.

### III. DISCUSSION

*Standard of Review for Motion to Dismiss*

A court may dismiss an action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted only if "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997) (quoting Hoover v. Ronwin, 466 U.S. 558, 587, 104 S. Ct. 1989, 2005 [1984]). In considering the motion, the court must take "the allegations contained in the complaint as true, and draw all

reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). The court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. See Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995); Brass v. American Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993).

In a case such as this, in which the plaintiff is a pro se litigant, the Court must be mindful that the plaintiff's pleadings "[are to be] held 'to less stringent standards than formal pleadings drafted by lawyers.'" Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176, (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595 [1972]). "The Court has the duty to 'read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest.'" Dibbs v. Roldan, 356 F. Supp. 2d 340, 348 (S.D.N.Y. 2005) (quoting McPherson v. Coombe, 174 F.3d 276, 280 [2d Cir. 1999][citations omitted]).

*Fraud*

Fed. R. Civ. P. 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." The Second Circuit Court of Appeals has explained that in order to satisfy this heightened pleading standard, "the complaint must: (1) specify the statements that [the pleading party] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) (citing Cosmas v. Hassett, 886 F.2d 8, 11 [2d Cir. 1989]). To satisfy the condition of mind averment, a pleading party "must allege facts that give rise to a strong inference of fraudulent

intent." Acito v. Imcera Group, Inc., 47 F.3d 47, 52 (2d Cir. 1995) (citations omitted). This requirement may be met either by alleging that a defendant had "motive and opportunity to commit fraud" or by showing "strong circumstantial evidence of conscious misbehavior or recklessness." Id. (quoting Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 [2d Cir. 1994]).

Here, Lee asserts that, starting in or about November 2004, Flores "made numerous phone calls soliciting Osaka employees to join in this frivolous, fraudulent lawsuit" and that, following those telephone calls, Flores' attorney sent a letter to Lee requesting "settlement monies of $15,000 from the defendant." Although Lee identified Flores as the person who made the alleged telephone calls, and identified her attorney as the person who dispatched a settlement solicitation letter, Lee failed to: (a) specify any statements made by Flores or her attorney she contends are fraudulent; (b) state exactly where and when the statements were made by Flores; and (c) explain why the statements are fraudulent. Furthermore, Lee failed to make factual assertions that show how and why Flores' pretrial discovery demands constitute fraud. Having read Lee's counterclaim liberally, and after interpreting it in such a way as to raise the strongest possible arguments that might be gleaned from it, as it must, the Court finds that Lee has failed to plead fraud with particularity, as she is required to do by Fed. R. Civ. P. 9(b).

*Standing to Assert RICO Claim*

A private right of action to pursue damages is provided by the RICO statute to "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. §]1962." 18 U.S.C. §1964(c). To demonstrate standing to bring a RICO claim, "a plaintiff must plead (1) the defendant's violation of §1962, (2) an injury to the plaintiff's business or property, and (3)

causation of the injury by the defendant's violation." <u>Commercial Cleaning Serv., L.L.C., v. Colin Serv. Systems, Inc.</u>, 271 F.3d 374, 380 (2d Cir. 2001) (citing <u>First Nationwide Bank v. Gelt Funding Corp.</u>, 27 F.3d 763, 767 [2d Cir. 1994]).  A plaintiff who alleges "that the asserted RICO violation was the legal, or proximate, cause of [her] injury, as well as a logical, or 'but for,' cause" has standing to bring a RICO claim.  <u>Id.</u>  To satisfy the proximate causation requirement, a two-part test must be met.  "First, the plaintiff's injury must have been 'proximately caused by a pattern of racketeering activity violating [18 U.S.C. §] 1962 or by individual RICO predicate acts.'"  "Second, the plaintiff must have suffered a direct injury that was foreseeable."  <u>Baisch v. Gallina</u>, 346 F.3d 366, 373 (2d Cir. 2003) (citations omitted).

   In her counterclaim, Lee alleges the existence of a "conspiracy to engage in racketeering activity, including extortion as defined by 18 U.S.C. § 1951."  Under the Hobbs Act, 18 U.S.C. § 1951, it is an offense to attempt or conspire to obstruct, delay or affect commerce, or the movement of any article or commodity in commerce, in any way or degree, by means of robbery or extortion.  <u>See</u> 18 U.S.C. § 1951.  A person commits extortion by obtaining property from another, with his consent, which consent was induced by the wrongful use of actual or threatened force, violence, or fear, or under color of official right.  <u>See</u> 18 U.S.C. § 1951.  A private individual commits extortion under the Hobbs Act by obtaining or attempting to obtain property from another party by the use or threatened use of force, violence or fear.  <u>See</u> <u>Scheidler v. National Organization for Women, Inc.</u>, 537 U.S. 393, 404-09, 123 S. Ct. 1057, 1065-68 (2003). The Hobb Act extortion provision requires "not only deprivation but also the acquisition of property."  <u>Id.</u> at 404, 1065.  To establish extortion, a plaintiff must demonstrate that the person committing the act either pursued or received "something of value that [he] could exercise,

6

transfer, or sell." Id. at 405, 1066.  A violation of the Hobbs Act is a predicate act constituting "racketeering activity" for the purpose of a civil RICO claim.  See 18 U.S.C. § 1961.

Lee has made a general averment that the plaintiff committed or conspired with her attorney to commit extortion, in violation of the Hobbs Act, as a predicate act for her civil RICO claim.  Lee alleges the telephone calls made by Flores to other Osaka employees and the settlement solicitation letter sent by Flores' attorney to her and other party defendants constitute extortion and that these are the predicate acts that support her RICO claim.  However, Lee failed to allege any facts that demonstrate that she suffered an injury to her business or property and that the injury was caused by a RICO violation.  Moreover, Lee failed to allege that she owns or exercises control over any business or property, or that she has a property right, that, by making the alleged telephone calls and sending the settlement solicitation letter, the plaintiff and her attorney might exercise, transfer, or sell, and thereby injure her.  Lee's counterclaim lacks any allegations concerning property rights she possesses which, if injured, would trigger Flores' liability to her under 18 U.S.C § 1951.  Therefore, the Court concludes that Lee's failure to identify her property rights, if any, an injury thereto, and a causal connection between the injury and a RICO violation, are fatal to a finding that Lee has standing to assert a civil RICO claim.  Consequently, granting the plaintiff the relief she seeks through her motion is warranted.

## IV. RECOMMENDATION

For the reasons set forth above, I recommend that the plaintiff's motion to dismiss the defendant's counterclaim be granted.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

the parties shall have (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Victor Marrero, 500 Pearl Street, Room 660, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Marrero, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F. 3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
      January 10, 2007

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Karl J. Stoecker, Esq.  
Dr. Nam-Hi Lee  
Daniel P. Smulewicz, Esq.